Rosanne S. DeTorres
DeTorres & DeGeorge, LLC
146 Main Street
Flemington, NJ 08822
Tel:  (908) 284-6005 office
*Attorneys for Plaintiffs*
*Fred Bavendam and John Eastcott*

Maurice Harmon
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
Tel:  (610) 262-9288
E-Mail:  maurice@harmonseidman.com
*Of Counsel*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DENNIS COX LLC, VICTOR ENGLEBERT, ROBERT FRIED, BERYL GOLDBERG, JASON LAURE, ULRIKE WELSCH, LIU LIQUN, LAURENCE PARENT PHOTOGRAPHY, INC., and NATIVE STOCK PICTURES LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>PEARSON EDUCATION, INC.,<br><br>    Defendant | ) ) ) ) ) ) ) ) ) ) | Civil Action No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

This is an action for copyright infringement and contributory copyright infringement brought by Plaintiffs Dennis Cox LLC, Victor Englebert, Robert Fried, Beryl Goldberg, Jason Laure, Ulrike Welsch, Liu Liqun, Laurence Parent Photography, Inc., and Native Stock Pictures LLC (collectively, "Plaintiffs"), co-owners of the copyrights to the photographs described hereafter and licensed for limited use to Defendant Pearson Education, Inc. ("Defendant" or

"Pearson").   This action is against Pearson for uses of Plaintiffs' photographs without their authority or permission.  Plaintiffs demand a jury trial and allege:

PARTIES

1.      Dennis Cox LLC is a limited liability company, organized and existing under the laws of the state of Michigan, with its principal place of business in Ann Arbor, Michigan.  Dennis Cox LLC is wholly owned and operated by professional photographer Dennis Cox.  Dennis Cox LLC offers the photography of Dennis Cox and several other photographers, including Liu Liqun, for licensing under the business name ChinaStock.

2.      Liu Liqun (aka Christopher Liu), is a Chinese citizen and professional photographer.

3.      Laurence Parent Photography, Inc. is a corporation duly organized and existing under the laws of the state of Texas, with its principal place of business in Wimberly, Texas.  Laurence Parent Photography, Inc. is wholly owned and operated by professional photographer Laurence Parent.

4.      Native Stock Pictures LLC is a limited liability company, organized and existing under the laws of the state of Idaho, with its principal place of business in Santa Fe, New Mexico. Native Stock Pictures LLC is wholly owned and operated by professional photographer Marilyn Angel Wynn.

5.      Victor Englebert is a Belgian citizen, a resident of Pennsylvania, and a professional photographer.

6.       Robert Fried is a United States citizen, a resident of California, and a professional photographer.

7.      Beryl Goldberg and Jason Laure are United States citizens, residents of New York and professional photographers.

8.     Ulrike Welsch is a United States citizen, resident of Massachusetts, and professional photographer.

9.     Pearson is a Delaware corporation with its corporate headquarters in New Jersey.  A publisher of educational textbooks, Pearson sells and distributes its publications via its employees and agents in New Jersey and throughout the United States and overseas, including the publications and ancillary materials at issue in this case, in which Plaintiffs' photographs are unlawfully reproduced.  At all times pertinent to the allegations herein, Pearson acted through and in concert with its various imprints, divisions, partners, affiliates, subsidiaries and predecessors, and Pearson's parent company and its parent's subsidiaries and affiliates.

## JURISDICTION

10.     This is an action for copyright infringement and arising under the copyright laws of the United States.  This Court has jurisdiction over the subject matter of this action pursuant to 28 United States Code §§ 1331 (federal question) and 1338 (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

## VENUE

11.     Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a) because Pearson is a resident of New Jersey, Pearson infringed Plaintiffs' copyrights in New Jersey, and a substantial part of the events or omissions and alleged misconduct giving rise to Plaintiffs' claims occurred in New Jersey.

## FACTS COMMON TO ALL COUNTS

12.     Liu Liqun, Victor Englebert, Robert Fried, Beryl Goldberg, Jason Laure, and Ulrike Welsch created the photographs attributed to them in Exhibits 2 – 7 hereto.  They own, in whole or in part, the copyrights in the photographs attributed to them in these Exhibits.

13.     Dennis Cox created the photographs in Exhibit 1.  His company, Dennis Cox LLC, owns, in whole or in part, the copyrights in these Photographs.

14.     Laurence Parent created the photographs in Exhibit 8.  His company, Laurence Parent Photography, Inc., owns, in whole or in part, the copyrights in these Photographs.

15.     Marilyn Angel Wynn created the photographs in Exhibit 9.  Her company, Native Stock Pictures LLC, owns, in whole or in part, the copyrights in these Photographs.

16.     The photographs at issue in this case, ("Photographs") – except those created by Liu Liqun – have been registered with the United States Copyright Office.  For the claims in Exhibit 7 marked "Not registered - Non-US work," the Photographs are non-United States works under the Copyright Act and therefore registration is not required.

17.     Beginning in or about 1995, in response to permission requests from Pearson, Dennis Cox LLC, doing business as ChinaStock, sold Pearson limited licenses to use copies of the Photographs in numerous educational publications.  The licenses ChinaStock granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibits 1 and 7.

18.     Beginning in or about 1991, in response to permission requests from Pearson, Victor Englebert sold Pearson limited licenses to use copies of the Photographs in numerous educational publications.  The licenses Victor Englebert granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibit 2.

19.     Beginning in or about 1995, in response to permission requests from Pearson, Robert Fried sold Pearson limited licenses to use copies of the Photographs in numerous educational publications.  The licenses Robert Fried granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibit 3.

20.     Beginning in or about 1998, in response to permission requests from Pearson, Beryl Goldberg sold Pearson limited licenses to use copies of the Photographs in numerous educational publications.  The licenses Beryl Goldberg granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibit 4.

21.     Beginning in or about 2001, in response to permission requests from Pearson, Jason Laure sold Pearson limited licenses to use copies of the Photographs in numerous educational publications.  The licenses Jason Laure granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibit 5.

22.     Beginning in or about 2003, in response to permission requests from Pearson, Ulrike Welsch sold Pearson limited licenses to use copies of the Photographs in several educational publications.  The licenses Ulrike Welsch granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibit 6.

23.     Beginning in or about 1999, in response to permission requests from Pearson, Lawrence Parent Photography, Inc. sold Pearson limited licenses to use copies of the Photographs in numerous educational publications.  The licenses Lawrence Parent Photography, Inc. granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibit 8.

24.     Beginning in or about 2000, in response to permission requests from Pearson, Native Stock Pictures LLC sold Pearson limited licenses to use copies of the Photographs in numerous educational publications.   The licenses Native Stock Pictures LLC granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibit 9.

25.     At the time Pearson represented to the Plaintiffs in its requests that it needed specified, limited licenses to use the Photographs, Pearson often knew its actual uses under the licenses would exceed the permission it was requesting and paying for.

26.     Pearson intended by its misrepresentations to obtain access to the Photographs at a lower cost than it would have paid had it been honest in its dealings and to conceal the copyright infringements that followed.  Pearson was successful and achieved both these wrongful ends.

27.     The Plaintiffs granted the restricted licenses in response to Pearson's representations to them that its use of the Photographs would not exceed the limitations contained in Pearson's request letters.

28.     Shortly after obtaining licenses from the Photographers, Pearson exceeded the permitted uses under the terms of the limited licenses granted by the Plaintiffs in the publications identified in Exhibits 1 – 9 and related ancillary publications, including, but not limited to, custom editions, pupil editions, teacher editions and study guides, as well as digital, electronic and online editions, e-books, CDs, DVDs, CD-ROMs, flash drives, screen shots, laser disks, audiotapes, videotapes, Power Point presentations, uses on Internet websites, advertising and sales materials, samples, pilots, facsimiles, and other associated publications and products.

29.     Upon information and belief, after obtaining access to the Plaintiffs' photographs, Pearson used them, without any license or permission, in additional publications.  Because Pearson alone has actual knowledge of these wholly unauthorized uses, Plaintiffs cannot further identify them without discovery.  Upon information and belief, Pearson has developed a list of its wholly unlicensed uses, and Plaintiffs' photographs are among those Pearson has so identified.

30.     Viesti Associates, Inc. ("Viesti"), an agent of the Plaintiffs, filed three actions against Pearson for copyright infringement in the District of Colorado:  *Viesti Associates, Inc. v. Pearson*

*Education, Inc.*, Case No. 1:11-cv-016 ("*Viesti v. Pearson I*"); *Viesti Associates, Inc. v. Pearson Education, Inc.*, No. Case No. 1:12-cv-01431 ("*Viesti v. Pearson II*"); and *Viesti Associates, Inc. v. Pearson Education, Inc.*, Case No. 1:12-cv-02240 ("*Viesti v. Pearson III*").  Viesti's standing in all three actions was based on representation and assignment agreements between Viesti and the authors of the photographs at issue.  On March 19, 2014, the Court dismissed *Viesti v. Pearson I* and *II*, concluding that Viesti did not have standing to sue.  The infringements alleged in Exhibits 1-9 hereto are also alleged in *Viesti v. Pearson III*.  The Plaintiffs moved to intervene in *Viesti v. Pearson III* on March 28, 2014.  Pearson has indicated that it intends to move for summary judgment in that case on or before April 11, 2014.  As of the date of this pleading, the District of Colorado has not yet ruled on either the Plaintiffs' motion to intervene or Pearson's anticipated motion for summary judgment.

### *Pearson's Pattern of Copyright Infringement*

31.     Pearson used many copyrighted photographs in ways that were not permitted under the limited licenses Pearson obtained from the Plaintiffs.  For example:

       A.     In March 2005 Pearson sought and secured licenses from ChinaStock and Victor Englebert to use four Photographs in *Diversity Amid Globalization,* limited to 40,000 copies.  Pearson subsequently printed at least 49,294 copies.  Exhibit 10 at p. 26.

       B.     In July 2001, Pearson sought and secured a license to use another of Mr. Englebert's Photographs in *SBG Music, 200*2, with a print run limit of 40,000 copies.  Pearson subsequently printed 167,873 copies.  Exhibit 10 at p. 1.

       C.     In 2005, Pearson sought and secured licenses from Mr. Englebert and Mr. Fried to use their Photographs in *Mosaicos: Spanish as a Second Language* by Catells-Guzman-

Lapuerta-Garcia, 4/e; ©2006, with a print run limit of 40,000 copies. Pearson subsequently printed 121,617 copies. Exhibit 10 at p. 4.

       D.     In 2002, Pearson sought and obtained a license from Native Stock Pictures LLC to use two Photographs in *Social Studies 2003, Grade 2,* with a print run limit of 200,000 copies. Pearson subsequently made 437,803 copies. Exhibit 10 at p. 20.

       E.     In 2002, Pearson sought and obtained licenses from Dennis Cox LLC d/b/a as ChinaStock and Victor Englebert to use six Photographs in *Social Studies 2003, Grade 6* with a print run limit of 100,000 copies. Pearson subsequently made 183,103 copies. Exhibit 10 at p. 21.

       F.     In June 2004, Pearson sought and obtained licenses from Victor Englebert, Beryl Goldberg, and Jason Laure to use their photographs in *World Studies Africa*, with a print run limit of 200,000 copies. Pearson subsequently made 399,891 copies. Exhibit 10 at p. 24.

       G.     In 1997, Pearson sought and obtained a license from Victor Englebert to use five of his Photographs in *Africa*, with a print run of 25,000 copies, and distribution in the United States only. Pearson then made 208,988 copies, and distributed them outside of the United States. Exhibit 11 at p. 3.

       H.     In 1999, Pearson sought and obtained licenses from Victor Englebert, Robert Fried and Beryl Goldberg to use 18 of their Photographs in *Paso a Paso, Level 1*, with a print run of 40,000 copies. Pearson subsequently made 513,821 copies. Exhibit 11 at p. 7.

       I.     In 2003, Pearson sought and obtained licenses from Victor Englebert, Robert Fried, Beryl Goldberg, and Ulrike Welsch to use their Photographs in *Realidades, Level 1*, with a print run of 200,000 copies. Pearson subsequently made 1,301,940 copies. Exhibit 11 at p. 15.

J.      In 2001, Pearson sought and obtained a license from Jason Laure to use six of his Photographs in *World Explorer, People, Places & Culture* 1/e, with a print run limit of 200,000 English and 20,000 Spanish copies, with distribution in North America.  Pearson subsequently printed 388,744 copies, and distributed the publications outside the licensed area. Exhibit 11 at p. 24.

32.     On May 3, 2010 and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson had published photographs in its textbooks in some instances without obtaining any permission and had printed in excess of license limits in situations where licenses were obtained.

33.     On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained."

34.     While the lost licensing fee to any individual copyright holder is relatively small, Pearson has sold and distributed millions of these publications, generating billions in revenue.  Pearson's business model, built on a foundation of pervasive and willful copyright infringement, deprived Plaintiffs and thousands of other visual art licensors of their rightful compensation and unjustly enriched Pearson with outlandish profits in the process.

35.     After learning of Pearson's use of some copyrighted photographs in ways that were not permitted under its own limited licenses, Viesti, acting on behalf of itself and the Plaintiffs, asked Pearson for additional information regarding its uses of other licensed photographs. Pearson declined to provide the requested information.

36.     Other photographers and stock photography agencies have been forced to sue Pearson alleging copyright infringement claims similar to those asserted by Plaintiffs in this action.  In

these cases, Pearson seeks judicially-conferred immunity for its widespread copyright infringements by this "commit-the-perfect-crime" approach:

A.     License for unrealistically low limits, giving Pearson access to the photographs and concealing its infringements because the plaintiffs don't know if and when Pearson violates any particular license's limits.

B.     Use beyond those limits without notice to plaintiffs.

C.     Refuse to disclose its unauthorized uses when requested.

D.     Argue in court that infringement claims pleaded "upon information and belief" – necessary because Pearson, the sole source of accurate information about its infringing uses, refuses to disclose such information – must be dismissed as unsupported by evidence and that only infringements Pearson publicly acknowledges before suit are actionable.

No court has granted such a motion.  They have been denied in at least the following cases:  *Grant Heilman Photography Inc. v. Pearson Education, Inc.* (E.D. Pa. No. 5:11-cv-04649-LDD); *Jon Feingersh Photography, Inc. v. Pearson Education, Inc.* (E.D. Pa. No. 11-cv-05122-AB); *Bean v. Pearson Education, Inc.* (D. Az. No. 3:11-cv-08030-PGR); *Viesti Associates, Inc. v. Pearson Education, Inc.*, No. 12-cv-01431-PAB-DW; *Pacific Stock, Inc. v. Pearson Education, Inc.* (D. Hawaii No. 11-cv-00423-SOM-BMK); *Frerck v. Pearson Education, Inc.* (N.D. Ill. No. 1:11-cv-05319); *Alaska Stock, LLC v. Pearson Education, Inc.* (D. Alaska No. 3:11-cv-00162 TMB); *Clifton v. Pearson Education, Inc.* (N.D. Cal. No. 5:11-cv-03640-EJD); *Minden Pictures, Inc. v. Pearson Education, Inc.* (N.D. Cal. No. C 11-05385 WHA; and *Panoramic Stock Images, Ltd. v. Pearson Education, Inc.* (N.D. Ill. No. 12-cv-09918). To avoid another adverse ruling, Pearson withdrew its motion to dismiss in *Degginger v. Pearson Education, Inc.* (E.D. Pa. No. 11-cv-01302-GKP).

37.    When Pearson copied, distributed and used the Photographs without authorization, Pearson had a duty in equity and good conscience to disclose those uses to the Plaintiffs.  This is especially so because Pearson knew precisely when its use of the Photographs exceeded the applicable license limitations, or were used without any license, but the Plaintiffs had no such knowledge nor any reason to assume Pearson was being deceitful in the uses it was making of the Photographs.

38.    Pearson's scheme was effective and worked as intended.  For years the infringements that followed Pearson's deceptive practices were concealed.  To this day, Pearson alone knows the full extent to which it has infringed Plaintiffs' copyrights.

### *Contributory Copyright Infringement*

39.    Upon information and belief, Pearson facilitates the international distribution of its publications, in part, through its international rights management group ("IRMG") located in Indiana and New Jersey.  The IRMG website indicates that it is the IRMG's "mission to maximize the number of translations and local versions published that are based upon products of Pearson Education," and that the IRMG "arranges for approximately 4,000 [third-party] licenses annually, which includes translations in approximately 50 languages read around the world."  The IRMG website also indicates that its team "frequently travels to countries to visit with local publishing partners who are interested in obtaining foreign rights to our books."  *See* Exhibit 12.

40.    Upon information and belief, Pearson reproduced and distributed the Photographs without Plaintiffs' permission to other entities, subsidiary companies, divisions, affiliates and/or third parties ("Third Parties").   Upon information and belief, Pearson's unauthorized reproduction and distribution to the Third Parties took place in the United States.

41.     Absent discovery, Plaintiffs have no way of learning which Photographs were transmitted to Third Parties.  Upon information and belief, Pearson has, and could easily produce, documents evidencing the terms of its agreements with Third Parties and its transmission and distribution of the Photographs.

42.     Upon information and belief, the Third Parties then translated the publications at issue into additional languages or published them in local adaptations or reprints and included the Photographs in these publications without Plaintiffs' permission.  Upon information and belief, only Pearson and the Third Parties know the full scope of the Third Parties' unpermitted use of the Photographs.

43.     By transmitting the Photographs to the Third Parties, Pearson enabled, induced, caused, facilitated, or materially contributed to the Third Parties' unauthorized reproduction and distribution of the Photographs.

44.     Upon information and belief, Pearson permitted Third Parties to distribute Pearson's publications containing the Photographs in new territories, to translate its publications into new languages, and to adapt its publications for distribution in additional territories.

45.     Upon information and belief, Pearson knew, when it reproduced and distributed the Photographs to the Third Parties, that the Third Parties would reproduce and distribute the Photographs without Plaintiffs' authorization.

46.     Upon information and belief, Pearson knew that the Third Parties were reproducing and distributing Plaintiffs' Photographs without authorization.

47.     Upon information and belief, Pearson directly profited from its transmission of the Photographs to the Third Parties since such Third Parties paid Pearson for translation and distribution rights, including access to all of the content in the publications.

48.     All exhibits attached hereto are incorporated into this complaint by this reference.

### COUNT I

### COPYRIGHT INFRINGEMENT

49.     Plaintiffs incorporate herein by this reference each and every allegation contained in the paragraphs set forth above.

50.     The foregoing acts of Pearson constitute infringements of Plaintiffs' copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq*.

51.     Plaintiffs suffered damages as a result of Pearson's unauthorized use of the Photographs.

### COUNT II

### CONTRIBUTORY COPYRIGHT INFRINGEMENT

52.     Plaintiffs incorporate herein by this reference each and every allegation contained in the paragraphs set forth above.

53.     The foregoing acts of Pearson constitute contributory infringement of Plaintiffs' copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq*.

54.     Pearson was aware of the limits in the licenses it obtained for use of the Photographs when it engaged or authorized Third Parties to reproduce the Photographs.

55.     Plaintiffs suffered damages as a result of the unauthorized use of the Photographs.

        WHEREFORE, Plaintiffs request the following:

        1.      A permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, selling or offering to sell Plaintiffs' Photographs described in this Complaint and Plaintiffs' photographs not included in suit.

        2.      As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiffs' Photographs used in violation of Plaintiffs' copyrights as well as all related records and

documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiffs' authorization.

3.      An award of Plaintiffs' actual damages and all profits derived from the unauthorized use of Plaintiffs' Photographs or, where applicable and at Plaintiffs' election, statutory damages.

4.      An award of Plaintiffs' reasonable attorneys' fees as permitted by 17 U.S.C. § 505 or any other statute or regulation,

5.      An award of Plaintiffs' court costs, expert witness fees, interest and all other amounts authorized under law.

6.      Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues permitted by law.

DATED:  April 4, 2014

Plaintiffs Dennis Cox LLC, Victor Englebert, Robert Fried, Beryl Goldberg, Jason Laure, Ulrike Welsch, Liu Liqun, Laurence Parent Photography, Inc., and Native Stock Pictures LLC, by their attorneys,

s/ *Rosanne S. DeTorres*

Rosanne S. DeTorres
DeTorres & DeGeorge, LLC
146 Main Street
Flemington, NJ 08822
Tel:  (908) 284-6005
*Attorneys for Plaintiffs*
*Fred Bavendam and John Eastcott*

Maurice Harmon
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067

Tel:  (610) 262-9288
E-Mail:  maurice@harmonseidman.com
*Of Counsel*